UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JORDAN D. NEW, Plaintiff,

v. Civil Action No. 3:15-cv-653-DJH

LOUISVILLE METRO GOVERNMENT, et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

One afternoon in September 2014, Aaron Browning, an undercover officer with the Louisville Metro Police Department, noticed what he believed to be an ongoing drug deal between two men. (Docket No. 1, PageID # 3) When officers approached, one of those men, Jordan New, fled on a bicycle. (*Id.*) Browning pursued New—in a Ford Explorer. (*Id.*) The SUV-on-bike chase ended poorly: Browning hit New and dragged him under the vehicle for some time, resulting in severe injuries. (*Id.*, PageID # 3-4) New brought suit against Louisville Metro; the LMPD Chief of Police, Steve Conrad; and Officer Browning, alleging violations of the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. (*Id.*, at PageID # 2-3, 5-6) In a motion accompanied by a rote brief,[1] Defendants Louisville Metro and Chief Conrad seek dismissal of New's complaint against them for failure to state a claim upon which relief may be granted. (D.N. 6) New opposes the motion. (D.N. 7) Because New has met his burden at this early stage, the Court must deny the motion.

I.     FACTUAL BACKGROUND

The following factual allegations are found in New's complaint. In March 2013, LMPD issued a "Pursuit Policy" prohibiting the pursuit of anyone other than a person who has

---

[1] The defendants filed no reply in support of their motion.

1

committed or is wanted on a warrant for committing a violent felony. (D.N. 1, PageID # 2 (citing LMPD SOP No. 12.1 (March 15, 2013))) LMPD is responsible for establishing policies, either formally or through custom, and for "the employment, training, supervision and conduct of, the officers of LMPD." (*Id.*, PageID # 3) Conrad, as Chief of LMPD, was likewise tasked with establishing formal or customary policies and for the "employment, training, supervision, and conduct of, the officers of LMPD." (*Id.*)

New was standing on East Kentucky Street with another man when Browning observed them and became suspicious that they were transacting a drug deal. (*Id.*) When New fled on his bike, Browning gave chase in his Ford Explorer, presumably a police-issued SUV. (*Id.*) Browning's SUV struck New around an alley near the corner of South Hancock and Kentucky Streets. (*Id.*) Later, the accident report would reflect that Browning failed to keep his car "under proper control." (*Id.*) The report also indicated that, just prior to the collision, Browning's view of New was blocked "by two large bushes." (*Id.*) That is, Browning allegedly hit and dragged New with his SUV after chasing the fleeing cyclist on city streets amidst obstructions that blocked his view. (*Id.*, PageID # 3-4) And, if New's allegation that LMPD policy prohibited chasing non-violent offenders is accurate, then Browning's actions may have violated that policy. (*Id.*, PageID # 4)

New was seriously injured. His pelvis and collarbone were fractured, 90% of his back suffered second- and third-degree burns from being dragged down the street, and his face received "severe" lacerations and contusions. (*Id.*) Even after multiple skin grafts, New is scarred and disfigured. (*Id.*)

Given what transpired, New alleges that Browning was either "ineffectively trained, was not trained, or ignored entirely his training, on the Pursuit Policy." (*Id.*) Yet the internal

2

investigation after the event concluded that Browning had not violated any LMPD policies, and he was not disciplined. (*Id.*) New argues that this amounts to LMPD's approval of his actions. (*Id.*)

The complaint contains three counts. The first alleges a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, against all defendants. Specifically, New claims that "Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Plaintiff's life." (*Id.*, PageID # 5) He posits that his injuries resulted from "customs and practices of the Defendants that were contrary to or expressly violated written policies of the LMPD." (*Id.*) The next count claims that Browning was negligent and grossly negligent. (*Id.*) The final count alleges that Browning assaulted and battered New. (*Id.*)

Defendants Louisville Metro and Chief Conrad have moved to dismiss the claims against them. (D.N. 6) First, Louisville Metro argues that sovereign immunity shields it from Counts II and III—the counts alleging assault, battery, negligence, and gross negligence—and so the state law claims against it must be dismissed. (D.N. 6-1, PageID # 28-29) Next, Louisville Metro argues that the § 1983 claims against it must be dismissed because there is no *respondeat superior* or vicarious liability under § 1983, and New's allegations are otherwise insufficient because they do not allege a Louisville Metro policy that can be connected to Browning's acts. (*Id.*, PageID # 29-31) Last, Conrad challenges the individual claims against him, arguing both that New has failed to assert viable individual-capacity claims against him under § 1983 and that Conrad is entitled to qualified immunity. (*Id.*, PageID # 31-34)

New disputes each of these arguments. (*See* D.N. 7) As well, New contends that the motion to dismiss is really just a motion for summary judgment by a different name because the

defendants argue that he has failed to establish or prove his claims when all he needs to do at this stage is plead plausible facts. (*Id.*, PageID # 42) He contends that he has done enough to survive the pleadings stage and should be allowed to conduct discovery. (*Id.*, PageID # 42-43)

## II.    STANDARD

Defendants may seek dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." On such a motion, the Court will accept all of the plaintiff's "factual allegations as true and construe the complaint in the light most favorable to the [p]laintiffs." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Those allegations must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677. The complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, but it must have "more than an un-adorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

## III.    DISCUSSION

Accepting the plaintiff's well-pled factual allegations as true, and viewing them in the light most favorable to him, the Court must deny the pending motion to dismiss. New's complaint says enough for the Court to plausibly infer that Louisville Metro and Conrad are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 667. The Court will address each of the defendants' arguments in turn.

First, sovereign immunity does not protect Louisville Metro. Though it is true that sovereign immunity would protect Louisville Metro from state claims against it if it had not consented to suit or waived immunity, *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001), the state claims found in Counts II and III are not directed at Louisville Metro. Rather, Counts II and III of the complaint are directed specifically at Browning. (D.N. 1, PageID # 5) Sovereign immunity is therefore irrelevant to these claims.

Next, dismissal of the § 1983 claims against Louisville Metro is unwarranted at this stage. Under Supreme Court precedent, suits against municipalities must assert both an alleged constitutional violation and a claim that the city was responsible for the violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Louisville Metro argues that the claims against it must be dismissed because New has not alleged that the "municipality itself is responsible for the constitutional violation." (D.N. 6-1, PageID # 30 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989))) Rather than assert that Louisville Metro had an official policy or custom that caused a violation of New's constitutional rights, *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994), Louisville Metro claims, the complaint merely alleges that Browning *violated* the municipality's policy. (D.N. 6-1, PageID # 30-31) The Supreme Court has made clear, however, that there can be recognized governmental "customs" which are inconsistent with official policy of "the body's official decisionmaking channels." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (citations omitted). That is, even though a municipality's official, written policy could say one thing, the municipality's practiced custom— even if it goes against the formal policy—may still result in liability to the city. Here, New has alleged just that: he has said his injury "was the result of customs and practices of Defendants that were contrary to or expressly violated written policies of the LMPD, and that such customs

5

and practices were the 'moving force' behind his injury." (D.N. 1, PageID # 5) In briefing, New cites other reasons in support of his claims against Louisville Metro (D.N. 7, PageID # 39-40), but the Court sees no need to address them in light of the *Praprotnik* holding and the allegations of the complaint. Taking all that New said in his complaint as true—as the Court must at this stage—the defendants' argument about custom and policy fails. The Court will not dismiss New's § 1983 claims against Louisville Metro.

Meanwhile, Chief Conrad argues for dismissal for two reasons. First, he contends that New has failed to state an individual-capacity claim against him. (D.N. 6-1, PageID # 31-32) Conrad relies, as did Louisville Metro, on the argument that there is no *respondeat superior* liability under § 1983. (D.N. 6-1, PageID # 31 (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978))) Chief Conrad also contends that there is no allegation that he was directly involved in the alleged violations of New's constitutional rights. (*Id.*, PageID # 32) In the Sixth Circuit, supervisors must be alleged to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008). New has satisfied those minimal requirements at this stage. He alleged that Conrad "established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of the LMPD," and that New's injury was the result of an unlawful custom established by Conrad. (D.N. 1, PageID # 3) Because it is plausible that Chief Conrad oversaw an unofficial LMPD custom to chase down even non-violent suspects, dismissal of the § 1983 claims against Conrad would be improper at this point.

Chief Conrad's second argument for dismissal is that qualified immunity protects him. (D.N. 6-1, PageID # 32-34) The qualified immunity doctrine essentially holds that officials

charged with exercising judgment and discretion should not be held personally liable for damages for fear of discouraging independent action and thereby deterring effective performance of official duties.  *Hany v. Monsky*, 311 S.W.3d 235, 245 (Ky. 2010).  In this case, the defendants maintain that the only unanswered question is whether Conrad's actions were discretionary, which would augur for qualified immunity, or ministerial, which would not. (D.N. 6-1, PageID # 33)  Defendants argue that the act of supervising employees is "as discretionary a task as one could envision." (*Id.* (quoting *Rowan Cty. v. Sloas*, 201 S.W.3d 469, 480 (Ky. 2006)))  And yet, in Kentucky, supervision of employees is considered a ministerial act when the supervisor is merely enforcing known policies.  *Finn v. Warren Cty., Ky.*, 768 F.3d 441, 449 (6th Cir. 2014) (citing *Yanero*, 65 S.W.3d at 522).  As New has alleged that there was a known LMPD custom that was counter to official policy, and that Conrad was in charge of enforcing that custom, the complaint is sufficient to avoid dismissal under Rule 12(b)(6).

## IV.  CONCLUSION

The Court finds that New has alleged plausible claims.  At this early stage of the litigation, he is required to do no more.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants Louisville Metro and Steve Conrad's motion to dismiss for failure to state a claim upon which relief may be granted (D.N. 6) is **DENIED**.

March 30, 2016

David J. Hale, Judge
United States District Court